UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| VERMONTERS FOR A CLEAN ENVIRONMENT, INC., JUSTIN LINDHOLM, ANNETTE SMITH, JOHN DAVID GEERY, THOMAS E. SHEA, GEORGE S. HALFORD, KATHY HALFORD, and TYLER RESCH,<br><br>    Plaintiffs,<br><br>    v.<br><br>COLLEEN MADRID, Forest Supervisor of the Green Mountain National Forest, BOB BAYER, Project Coordinator of the Deerfield Wind Project, Manchester District, and CHARLES L. MYERS, Regional Forester of the Eastern Region, in their official capacities as employees of the U.S.D.A. Forest Service,<br><br>    Defendants. | File No. 1:12-CV-73 |

MEMORANDUM AND ORDER
(Doc. 25)

I.    Introduction

Deerfield Wind, LLC moves to intervene as a defendant in this matter under Federal Rule of Civil Procedure 24. (Doc. 25.) Plaintiffs Vermonters for a Clean Environment, Inc., Justin Lindholm, Annette Smith, John David Geery, Thomas E. Shea, George S. Halford, Kathy Halford, and Tyler Resch (collectively, "Plaintiffs") oppose the motion. (Doc. 29.) Defendants Colleen Madrid, Forest Supervisor of the Green Mountain National Forest, Bob Bayer, Project Coordinator of the Deerfield Wind Project, and Charles L. Myers, Regional Forester of the Eastern Region, all in their official capacities as employees of the U.S.D.A. Forest Service (collectively, "Federal Defendants") take no position on intervention by Deerfield Wind.

(Doc. 31.)  In this action, Plaintiffs challenge a United States Forest Service decision to grant Deerfield Wind a Special Use Permit for the occupancy and use of an area of the Green Mountain National Forest where Deerfield plans to construct a wind farm.

For the following reasons, the Court grants the motion.

II.    Discussion

Deerfield Wind seeks intervention under Federal Rule of Civil Procedure 24(a) which allows for intervention as of right where, on timely motion, a party:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impeded the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).[1]  In the alternative, Deerfield Wind seeks intervention under Federal Rule of Civil Procedure 24(b) which allows for the permissive intervention of parties and provides, in pertinent part, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Id. 24(b)(1)(B).  In addition, Rule 24(b) cautions, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Id. 24(b)(3).

The Second Circuit has interpreted Rule 24(a)(2) to require that a movant: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected

---

[1] Subsection (a)(1) provides for intervention as of right where a party "is given an unconditional right to intervene by a federal statute."  Fed. R. Civ. P. 24(a)(1).  Deerfield Wind does not argue a federal statute gives it an unconditional right to intervene.

adequately by the parties to the action." United States v. City of New York, 198 F.3d 360, 364 (2d Cir. 1999).  The Circuit has made clear that a motion for intervention "will be denied unless all four requirements are met." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994).  The failure to satisfy any one of the requirements, therefore, is grounds for denial. City of New York, 198 F.3d at 364.

      Deerfield Wind asserts it has an interest relating to the subject of this action, it is situated so that disposing of the action may as a practical matter impair or impede its ability to protect its interest, and no existing party adequately represents its interest.  Plaintiffs object to intervention mainly asserting Deerfield Wind fails at the fourth prong of the test regarding adequate representation.  See Doc. 29.  Federal Defendants do not oppose intervention but note they will "adequately defend the decision of the Forest Service, and are able to represent the interests relevant to that decision."  (Doc. 31 at 1.)

      While Deerfield Wind moves under Rule 24(a), it also requests, in the alternative, permissive intervention under Rule 24(b).  As Plaintiffs note:  "'Permissive intervention is wholly discretionary with the trial court.'"  (Doc. 29 at 9 (quoting U.S. Postal Service v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978).)  The Court recognizes Deerfield Wind makes a strong argument under Rule 24(a), however, in its discretion, the court will decide the motion under Rule 24(b).

      Deerfield Wind's motion to intervene is timely and will not unduly delay or prejudice Plaintiffs.  This case was filed less than four months ago, in April 2012, and is in the preliminary stages.  Deerfield Wind, as the holder of the challenged permit and entity proposing to build the wind project at issue, has a claim or defense that shares with the main action a common question

of law or fact.  Additionally, Deerfield Wind has agreed to the following conditions requested by the Federal Defendants:

(1) Deerfield Wind is precluded from seeking discovery or the supplementation of the administrative record.
(2) Deerfield Wind is subject to the schedule approved by the Court (Doc. 26).
(3) Deerfield Wind is prohibited from filing any independent claims against the Federal Defendants in this action.
(4) Each party must bear its costs and fees related to the participation of Deerfield Wind in this matter.

Deerfield Wind, LLC's participation as an intervenor defendant in this action is subject to the above conditions.  Accordingly, Plaintiffs' fear that Deerfield Wind will be a "fifth wheel" in the litigation (Doc. 29 at 9) should be allayed.

For the above reasons, and in the interest of judicial economy, the Court, in its discretion, will allow Deerfield Wind, LLC to intervene.

III.   Conclusion

Deerfield Wind, LLC's motion to intervene (Doc. 25) is GRANTED, subject to the enumerated conditions set forth above.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 7th day of August, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge