UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| VERMONTERS FOR A CLEAN ENVIRONMENT, INC., JUSTIN LINDHOLM, ANNETTE SMITH, JOHN DAVID GEERY, THOMAS E. SHEA, GEORGE S. HALFORD, KATHY HALFORD, and TYLER RESCH,<br><br>          Plaintiffs,<br><br>               v.<br><br>COLLEEN MADRID, Forest Supervisor of the Green Mountain National Forest, BOB BAYER, Project Coordinator of the Deerfield Wind Project, Manchester District, and CHARLES L. MYERS, Regional Forester of the Eastern Region, in their official capacities as employees of the U.S.D.A. Forest Service,<br><br>          Defendants,<br><br>DEERFIELD WIND, LLC,<br><br>          Intervenor Defendant. | File No. 1:12-cv-73-jgm |

MEMORANDUM AND ORDER
(Doc. 35)

I.    Introduction

Plaintiffs Vermonters for a Clean Environment, Inc., Justin Lindholm, Annette Smith, John David Geery, Thomas E. Shea, George S. Halford, Kathy Halford, and Tyler Resch (collectively, "Plaintiffs") move the Court to consider extra-record materials in this action. (Doc. 35.) Defendants Colleen Madrid, Forest Supervisor of the Green Mountain National Forest, Bob Bayer, Project Coordinator of the Deerfield Wind Project, and Charles L. Myers, Regional Forester of the Eastern Region, all in their official capacities as employees of the

U.S.D.A. Forest Service (collectively, "Federal Defendants") oppose the motion.  (Doc. 40.) Intervenor-Defendant Deerfield Wind, LLC also opposes the motion.  (Doc. 41.)  In this action, Plaintiffs challenge a United States Forest Service decision to grant Deerfield Wind a Special Use Permit for the occupancy and use of an area of the Green Mountain National Forest near the George D. Aiken Wilderness where Deerfield plans to construct a wind farm.  Plaintiffs seek to enjoin the issuance of the special use permit and construction of the wind turbine facility. (Doc. 1 at 1-2.)

       For the following reasons, the Court denies the motion.

II.     Background[1]

       On January 3, 2012, the Forest Service issued a Final Environmental Impact Statement and Record of Decision allowing for the installation of a wind turbine facility in an area of the Green Mountain National Forest more than a mile from the George D. Aiken Wilderness.  The project area includes the Lamb Brook area of the National Forest.  Plaintiffs participated at the agency level and exhausted their administrative remedies by appealing the Forest Service's decision.  The Forest Service denied the appeal on April 9, 2012, and Plaintiffs filed this action April 13, 2012.

III.    Discussion

       Plaintiffs ask the Court to consider a declaration from its noise pollution expert, Mr. Richard James, and two exhibits -- at least one of which post-dates the Forest Service's

---

[1] Facts in the background section are gleaned from Plaintiffs' complaint (Doc. 1).

decision[2] -- which they claim demonstrate the Forest Service relied on a noise study that is "devoid of any reliable scientific basis," and "scientifically invalid and severely flawed." (Doc. 35 at 1, 4, 13-21). Mr. James' conclusion is that "'[i]f the combination of errors and omissions [discussed in his declaration] were all considered[,] there would be strong evidence that the Deerfield project would in fact cause a significant adverse impact to the Wilderness area.'" (Doc. 35 at 4.)  Accordingly, they assert the administrative record is incomplete, and therefore the Court should consider this extra-record evidence.  Id.

Federal Defendants argue the Court should deny the motion because Plaintiffs fail to satisfy an exception to the rule of record review.  (Doc. 40 at 1.)

This Court's mandate under the National Environmental Policy Act ("NEPA") is to "insure a fully informed and well-considered decision" by the federal agency in a review of the record. Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, 435 U.S. 519, 558 (1978).  The decision to consider matters outside the administrative record is within the discretion of the reviewing court. Nat'l Audubon Soc'y v. Hoffman, 132 F.3d 7, 14 (2d Cir. 1997) (citing Valley Citizens for a Safe Env't v. Aldridge, 886 F.2d 458, 460 (1st Cir. 1989) (consideration of extra-record evidence is "discretionary with the reviewing court")).

Both parties cite extensively to the Second Circuit's decision in National Audubon Society v. Hoffman, 132 F.3d 7 (2d Cir. 1997), a case originating in this Court and concerning a logging project in the Lamb Brook area of the Green Mountain National Forest.  The Hoffman

---

[2] The Supreme Court has noted: "'Administrative consideration of evidence . . . always creates a gap between the time the record is closed and the time the administrative decision is promulgated [and we might add, the time the decision is judicially reviewed].'" Vt. Yankee Nuclear Power Corp., 435 U.S. at 555 (quoting ICC v. Jersey City, 322 U.S. 503, 514 (1944)).

Court set out the record rule: "Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision." 132 F.3d at 14 (citing Fla. Power & Light Co. v. Lorian, 470 U.S. 729, 743-44 (1985)). Supplementation of the record may be allowed when the reviewing court cannot evaluate the challenged action on the basis of the record before it, when there has been a strong showing for a claim of bad faith or improper behavior by the agency decisionmakers, or in the absence of formal administrative findings. Id. Supplementation may also be necessary upon remand to the agency when the record does not support the agency action or when the agency has not considered all relevant factors. Id. The Hoffman Court noted the Second Circuit "has held that the consideration of extra-record evidence may be appropriate in the NEPA context to enable a reviewing court to determine that the information available to the decisionmaker included a complete discussion of environmental effects and alternatives." Id. at 15. The Court concluded:

> Nonetheless, deviation from the record rule, even in the review of NEPA decisions, is limited. While we allow the consideration of extra-record evidence, review of an agency's action is not de novo. Courts may conduct plenary review, and consider additional information obtained from the parties through affidavits or testimony, only when the administrative record is so inadequate as to prevent the reviewing court from effectively determining whether the agency considered all environmental consequences of its proposed action. [] We realize that the record compiled by the agency will often contain sufficient information to permit the court to make this judgment, thereby obviating the need for considering extra-record evidence."

Hoffman, 132 F.3d at 15 (internal citation omitted).

Plaintiffs have made no allegations of bad faith or improper motive and there is a written Record of Decision. Nor can it be said that Defendants disregarded any serious environmental consequences or the record is so inadequate as to prevent this Court from determining whether

4

the Forest Service considered the issue of noise. To the contrary, the agency considered the effect noise from the project would have on the surrounding area and, as Defendants point out, sought additional information in response to comments concerning noise. See Doc. 40 at 11-13; Doc. 41 at 2-4. The agency prepared a Final Environmental Impact Statement including a section on noise. What Plaintiffs would have the Court do here is "substitute its judgment for that of the agency as to the environmental consequences of its action," Kleppe v. Sierra Club, 427 U.S. 390, 410 n.21 (1976), and that is not authorized. Id. The Court's "role is not to resolve scientific disputes." Natural Res. Def. Council, Inc. v. FAA, 564 F.3d 549, 561 (2d Cir. 2009).

Here, where the agency memorialized its decision and reasons in a substantial document, Plaintiffs are free to argue to the Court in the briefing to come that, on the basis of the evidence that was before the agency when it made the decision, the Forest Service's consideration of noise was such that the agency failed to make a fully informed and well-considered decision. If the Court finds at that stage the agency has not considered all relevant factors, such as noise, the Court can remand to the agency where it may consider Mr. James' opinions in the first instance. See Cronin v. U.S. Dep't of Agriculture, 919 F.2d 439, 444 (7th Cir. 1990) ("Administrative agencies deal with technical questions, and it is imprudent for the generalist judges of the federal district courts and courts of appeals to consider testimonial and documentary evidence bearing on those questions unless the evidence has first been presented to and considered by the agency.").

Accordingly, the Court, in its discretion, declines to consider the extra-record materials submitted by Plaintiffs. Plaintiffs' motion is denied.

IV.     Conclusion

Plaintiffs' motion for the consideration of limited extra-record materials (Doc. 35) is DENIED.  Briefing on the motion for judgment on the administrative record shall be filed in accordance with the briefing schedule approved by the Court.  See Doc. 26.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of September, 2012.


/s/   J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge